## MARTHA J. GRIFFIN ET AL.

### v.

## JOHN WOLF.

*Fraudulent Conveyances—Evidence.*

Upon a bill seeking to subject certain lots to the payment of a judgment, t being alleged that the several conveyances of the same were made and accepted for the purpose of hindering and delaying the collection thereof, this court holds that the evidence does not support the allegations of the bill.

[Opinion filed November 1, 1889.]

IN ERROR to the Circuit Court of Richland County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. WILSON & HUTCHINSON, for plaintiffs in error.

Messrs. ALLEN & FRITCHEY, for defendant in error.

REEVES, P. J.    John Wolf recovered a judgment against Martha J. Griffin, at the November term, 1885, of the Richland Circuit Court, for the sum of $376.46.

Previous to the recovery of this judgment, and up to the 17th day of October, 1885, Mrs. Griffin was the owner of certain lots in Olney.  On the last named day she conveyed these lots to her son, Lemuel Griffin, for an expressed consideration of $550.

In January, 1886, appellee sued out a *fieri facias* upon his judgment and caused the same to be levied on the lots embraced in the deed of Mrs. Griffin to her son, and filed the bill in this case, alleging the insolvency of Mrs. Griffin, and that the conveyance from her to her son was made and accepted with the fraudulent purpose of hindering and delaying Wolf in the collection of his judgment, and seeking to subject the lots to a sale to satisfy his judgment.

Before the bill was filed Lemuel Griffin had conveyed the lots to his brother and sisters, and the bill charges a like fraudulent purpose in these conveyances, participated in by Lemuel Griffin and his brother and sisters.

Martha J. Griffin, Lemuel Griffin and the sisters were made parties defendant to the bill (but not the brother), and they severally answered the bill, denying the allegations of fraud. Upon the questions necessary to be considered here the proof shows that Martha J. Griffin owned the lots in controversy, and on the 17th day of October, 1885, conveyed them by warranty deed to her son, Lemuel Griffin, he giving in payment his note for $550, due in five years.  Negotiations looking to this conveyance were on foot for some time before the

deed was made.  Lemuel Griffin and his brothers and sisters owned a farm of eighty-eight acres near Olney.  He was desirous of buying the interest of his sisters and the brother, who was of age, in this farm.  He ascertained that he could trade the lots which he got from his mother for the interests of his brother, Charles, and his sisters, in the farm.  As he swears, for the purpose of this trade, he bought the lots of his mother and subsequently made the trade with his brother, Charles, and his sisters, by which he acquired their interests in the farm, and he conveyed to his brother, Charles, three lots; to his sisters Alice and Marthaette, three lots, and to his sister Dora Bell, the remaining two lots.  The evidence nowhere even tends to show that the transaction, so far as Charles and the sisters had to do with it, was not in good faith and without the semblance of fraud.

There is no proof that they knew of the indebtedness of their mother to Wolf.  Even if it be conceded that the deed from the mother to Lemuel was fraudulent as to Wolf, how can it be said that this would affect the title acquired by Charles and the sisters, without some proof rendering them chargeable with notice of the fraud.  As the Circuit Court rendered a decree in favor of complainant below we are led to believe that there was some evidence in the case not preserved in the record, but upon the case, as it comes before us, the decree of the Circuit Court must be reversed.  Decree reversed and cause remanded.

*Reversed and remanded.*